UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DOE 1, et al.,<br><br>    Defendants. | Case No. 16-cv-01687-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

## I.    INTRODUCTION

Plaintiff, an inmate currently incarcerated at the Correctional Training Facility, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 stemming from alleged constitutional violations at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. He names three unnamed SVSP correctional officers,[1] who he contends are responsible for the destruction of his personal property, namely his radio. Dkt. 1. Plaintiff seeks monetary damages.

Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP"), which the Court will grant in a separate written Order.

## II.    DISCUSSION

### A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

---

[1] The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes it is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. Because the Court will be dismissing all the claims in the instant complaint, it need not require Plaintiff to provide the true names and identities of these Doe Defendants.

Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

In his complaint, Plaintiff asserts due process claims against the unnamed SVSP correctional officers for negligent or intentional destruction of his radio. Dkt. 1 at 7-15. However, Plaintiff's complaint fails to state a federal claim for relief under section 1983.

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).

The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, where a prison official acts in a random and unauthorized manner to deny an inmate his property (that is, he fails to act in accord with established prison procedures), the claim must be pursued in state, not federal, court. As Plaintiff here alleges that the unnamed SVSP correctional officers failed to provide him with the required process before depriving him of his property, Plaintiff fails

1 to state a due process claim for deprivation of his property. As such, Plaintiff's complaint fails to
2 state a claim under section 1983 against the unnamed SVSP correctional officers and must be
3 DISMISSED without prejudice to Plaintiff bringing his claims in a proper forum.

### III. CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall terminate all pending motion, enter judgment and close the file.

IT IS SO ORDERED.

Dated: June 9, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge